```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
RUTH JEAN BAPTISTE,

                    Petitioner,                              ORDER
        - against -                                          06-CV-0615 (NG)

IMMIGRATION AND NATURALIZATION
SERVICE, et al.,

                    Respondent.
----------------------------------------------------------x
```

**GERSHON, United States District Judge:**

On February 9, 2006, *pro se* petitioner, Ruth Jean Baptiste, filed the instant petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the lawfulness of her detention by the Bureau of Immigration and Customs Enforcement ("ICE").

## BACKGROUND

On July 28, 2004, ICE charged petitioner, a native and citizen of Haiti, with removability, pursuant to 8 U.S.C. § 237(a)(1)(C)(i), as amended, 8 U.S.C. § 1227(a)(1)(C)(i), for failing to maintain or comply with the conditions of the non-immigrant status under which she had been admitted, and pursuant to 8 U.S.C. § 237(a)(2)(A)(ii), as an alien convicted of two or more crimes involving moral turpitude. Petitioner was taken into custody on the same day. On April 22, 2005, an immigration judge found petitioner removable, denied her applications for relief from removal, and ordered her removed from the United States. On August 30, 2005, the Board of Immigration Appeals dismissed the petitioner's appeal from the immigration judge's April 22, 2005 decision. On February 9, 2006, while still in custody, petitioner filed the instant petition, claiming that her detention was unlawful. Specifically, petitioner claimed that, upon a custody review, ICE determined she was ineligible for supervised release, despite meeting all the requirements for release, i.e., that she was not a flight risk and posed no danger to the community. On March 3, 2006,

petitioner was released from ICE custody, pending her removal from the United States and subject to an order of supervision.

## DISCUSSION

A court has jurisdiction over a habeas corpus petition only if the petitioner is "in custody." 28 U.S.C. § 2241;[1] *Maleng v. Cook*, 490 U.S. 488, 492 (1989)*; Scanio v. United States*, 37 F.3d 858, 860 (2d Cir.1994). A court is not divested of jurisdiction when a petitioner is released from custody if the petitioner was "in custody" at the time the petition was filed. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Scanio*, 37 F.3d at 860. While petitioner in the instant case was "in custody" at the time she filed her petition, she was released from ICE custody on March 3, 2006.

When a habeas petitioner has been released from custody after filing a petition, the petition may be moot, and the relevant inquiry becomes whether the case still presents a case or controversy under Article III, § 2 of the U.S. Constitution. *Spencer*, 523 U.S. at 7. Where a petition is based upon a conviction, the petition is not moot if the petitioner suffers from any "collateral consequences" of the conviction. *Spencer*, 523 U.S. at 7. Where a petition is based solely on detention, the question remains whether a petitioner suffers from any "collateral consequences" of *detention* when she has been released during the pendency of her petition. While the Second Circuit has not ruled on the issue in a published opinion, it has stated in an unpublished opinion:

> Petitioner . . . appeals from the judgment of the district court . . . finding his habeas petition to be moot. In that petition, [petitioner] challenged certain aspects of his immigration detention . . . . During the pendency of this appeal, another panel of this court vacated [petitioner's] order of removal . . . . As a result of this decision, [petitioner] was released from immigration detention . . . . [Petitioner's] release renders the issues presented in this appeal moot, and, we must dismiss his appeal.

*Edwards v. Ashcroft*, 126 Fed. Appx. 4 (2d Cir. 2005) (unpublished). Other circuit courts that have

---

[1] An analogous requirement exists under 28 U.S.C. § 2254 and § 2255, and cases discussing either requirement are cited interchangeably.

2

considered the issue are in agreement that, when a habeas petitioner challenges only the lawfulness of her detention, and she is subsequently released, her habeas petition may be dismissed as moot. *See Ali v. Cangemi*, 419 F.3d 722, 724 (8th Cir. 2005); *Riley v. I.N.S.*, 310 F.3d 1253, 1256-57 (10th Cir. 2002); *see also Williams v. I.N.S.*, No. 02-CIV-3814, 2005 WL 1994102, at *2 (S.D.N.Y. Aug. 18, 2005) (stating that petitioner "lacks any interest in the outcome of this suit inasmuch as the relief he has requested-release from detention-has already been afforded to him"); *Sayavong v. McElroy*, No. 00-CIV-0922, 2003 WL 470576, at *3 (S.D.N.Y. January 09, 2003) (stating that "the only relief sought by [petitioner's] petition has previously been granted by the INS. It follows that [petitioner's] petition is moot"). It is clear that petitioner in the case at hand was challenging only the lawfulness of her detention. Further, it is hard to imagine any possible "collateral consequences" of petitioner's detention. She has not indicated any such consequences to the court. Thus, as a result of her release, petitioner's application for relief is moot.

## CONCLUSION

Based on the foregoing, petitioner's application for a writ of habeas corpus is dismissed as moot. Because this habeas corpus petition was brought under 28 U.S.C. § 2241, the certificate of appealability requirement of 28 U.S.C. § 2253 does not apply. *Thom v. Ashcroft*, 369 F.3d 158, 161 n.3 (2d Cir. 2004). The Clerk of Court is directed to close this case.

SO ORDERED.

_____/s/_____
**NINA GERSHON**
**United States District Judge**

**Dated:** **October 23, 2006**
**Brooklyn, New York**